UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LESTER,

    Petitioner,

v.                                        Civil Case No. 04-74059
                                          Crim. Case No. 86-80001

WARDEN H.J. MARBERRY,                HONORABLE AVERN COHN

    Respondent.

_____/

**MEMORANDUM AND ORDER DENYING PETITIONER'S MOTION
UNDER 28 U.S.C. §§ 2241 and 2255**

I.  Introduction

This is a habeas case under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  Petitioner John Lester is a federal prisoner who was convicted of bank robbery in 1977 and in 1986.[1]  He is currently in custody based on a parole violation.  Petitioner claims that his constitutional rights are being violated by the United States Parole Commission (the Commission).  For the reasons that follow, the petition is DENIED.

II.  Background[2]

On March 28, 1977, Petitioner was sentenced to 15 years imprisonment following his conviction for armed bank robbery in this district.  After his initial parole was revoked, he was paroled again on January 26, 1993.  The parole certificate shows that

---

[1]Petitioner's 1986 conviction was before this Court.

[2]This background is taken almost verbatim from the government's response.  The Court appreciates the government's effort in accurately marshaling the pertinent facts and procedural history, as well as attaching all of the relevant documents.

the full term date of his sentence was January 25, 1992. Nearly three years later, on January 6, 1986, a probation officer advised the parole commission that Petitioner had been arrested for bank robbery and unauthorized possession of a firearm and requested issuance of a warrant. The Commission issued a parole violator warrant on January 10, 1986.

On April 24, 1986, the probation officer advised the Commission that Petitioner pled guilty to armed bank robbery and was awaiting sentencing. On June 5, 1986, Petitioner was sentenced by the Court to 12 years imprisonment. On June 17, 1986, the probation officer advised the Commission of Petitioner's conviction and sentence. The judgment does not state that his sentence is to run concurrently with any other sentence.

On July 30, 1986, the Commission informed the warden of the facility where Petitioner was incarcerated that if Petitioner applied for an initial hearing, he would be scheduled for a combined initial and dispositional revocation hearing within 120 days. The letter also stated that the Commission's warrant should be lodged as a detainer and not be executed until the warden was advised to do so by the Commission. A copy of the letter was sent to Petitioner.

On November 19, 1986, the Commission conducted a combined initial hearing on the new sentence and a dispositional hearing on the remainder of the original sentence. The purpose of the hearing was to establish a parole date on the 1986 sentence, to determine whether parole should be revoked on the 1977 sentence, to determined whether the balance of the 1977 sentence should be concurrent or consecutive to the new sentence, whether to forfeit the time spent on parole, and to

2

establish a reparole date. Petitioner's attorney presented the hearing examiner with a copy of the Rule 11 agreement in Petitioner's 1986 case and indicated that one of the terms of the agreement was that the sentence was to be served concurrently which any time served for any parole violation resulting from the offense.

On December 15, 1986, the Commission issued its decision, revoking Petitioner's parole on the 1977 sentence and ordered the forfeiture of his time on parole. The Commission also ordered that the unexpired portion of Petitioner's 1977 sentence (3,286 days) to be served upon his release from the new sentence, by parole or otherwise. The Commission granted parole on both the new sentence and the parole violator term for October 30, 1991. This meant that the balance of Petitioner's 1977 sentenced would begin on October 30, 1991, after he has served nearly 6 years of his 12 year sentence. He was to be paroled from both sentenced on that date, and both sentenced would run concurrently to full term. Petitioner was thus permitted to begin serving the balance of his 1977 sentence on parole, as of October 30, 1991, without any time in prison. His imprisonment therefore ran from December 31, 1986 (the date of his arrest and detention on the 1986 charge) to October 30, 1991, under the 1986 sentence. Petitioner did not appeal the Commission's order, although the decision was appealable to the National Appeals Board.

On April 10, 1991, the Commission rescinded Petitioner's parole date for disciplinary reasons and ordered a new parole date of December 30, 1991. On December 30, 1991, the Commission was advised by the Bureau of Prisons that in connection with an audit, Petitioner's sentence was recomputed to reflect the Commission's warrant being executed on the date of his release from the 1986

3

sentence. This resulted in the full term of his aggregate sentence changing to December 29, 2006. The sentence computation shows that the warrant was executed on December 30, 1991, which coincided with Petitioner's simultaneous release on parole from both the 1986 and 1997 sentences.

The Commission revoked Petitioner's parole on two subsequent occasions. Most recently, he was released on parole October 22, 1998 and ordered to remain under supervision until September 13, 2009.

On October 31, 2002, however, a probation officer requested a warrant following Petitioner's arrest on September 1, 2002 for carrying a concealed weapon and being an habitual offender. The letter also noted that Petitioner had tested positive for marijuana on several occasions.

On January 21, 2003, the Commission issued a warrant charging him with (1) possession with intent to distribute cocaine (based on a August 2000 arrest), (2) use of a dangerous and habit forming drugs, and (3) carrying a concealed weapon.

The marshals executed the warrant on August 11, 2004. The preliminary interview to determine probable cause was held on August 20, 2004. Petitioner denied the first charge, admitted the second charge, and denied the third charge. The probation officer recommended that the Commission find probable cause on all three charges. Petitioner's counsel filed objections to the probable cause determination and the issuance of the warrant.

On October 18, 2004, Petitioner, through counsel, filed the instant motion.

On October 27, 2004, Petitioner was advised that the Commission found probable cause to believe he violated the terms of his parole and ordered a revocation

hearing. The hearing was scheduled for November 30, 2004, but was conducted on December 1, 2004. The hearing examiner recommended revocation, partial forfeiture of his time on parole, and that he serve to the expiration of his aggregate sentence less good time.

It is not clear when Petitioner is scheduled to be released.

### III.  Analysis

#### A.

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is limited to claims that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

28 U.S.C. §2255 provides:

> "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

To prevail under §2255, petitioner must show a "fundamental defect which inherently result[ed] in a complete miscarriage of justice." United States v. Timmreck, 441 U.S. 780, 783 (1979)(quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

#### B.

Petitioner's motion raises three issues, as follows:

1.  Whether the Commission properly issued a parole violator warrant for Petitioner

2.  Whether Petitioner can obtain judicial review of the probation officer's probable cause recommendation

  3.  Whether the Commission is required to conduct a revocation hearing within 45 days of the preliminary interview

      1. Issuance of Parole Violator Warrant

  Petitioner's main complaint is that the Commission should not have issued a parole violator warrant because he had already completed the maximum time allowed under the Rule 11 agreement on his 1986 conviction because his 1986 sentence was to run concurrent with his 1977 sentence. Thus, says Petitioner, he is being incarcerated in violation of his constitutional rights and in violation of the Rule 11 agreement.

  The Rule 11 agreement provides in part that "the maximum term of imprisonment shall not exceed Twelve (12) years, to [be] served concurrently with any time served as a result of any parole violation resulting from this offense." Rule 11 Agreement at ¶ IA.

  Petitioner appears to claim that the Commission violated the terms of the Rule 11 agreement because it did not treat him as if he was still on parole from the 1977 sentence, and thus credit him for the time he was incarcerated against the time he would be expected to submit to parole supervision on the 1977 sentence while he was serving the imprisonment portion of his 1986 sentence. As the government notes, this argument goes too far. The Rule 11 agreement provides that any time Petitioner would serve on the 1986 conviction would run concurrently with any additional time the Commission might impose as a result of the fact that the 1986 conviction also constituted a violation of his parole on his 1977 conviction. It did not address the issue of future parole supervision. Moreover, Petitioner received the credit to which he was entitled to under the Rule 11 agreement with regards to concurrent sentencing. As the government carefully explains in its response:

> [Petitioner] did not serve any additional time in prison as a result of the parole violation based on the [1986] bank robbery. The administrative record shows that he served a total of 70 month - six months above the parole guidelines range for the bank robbery alone - for both the new bank robbery conviction **and** the parole violation based on that robbery. That time included all of the time he served in prison since his arrest on the bank robbery, not just the time he had spent since his conviction. Petitioner's total period of imprisonment as a parole violator therefore ended well before the expiration of his 1986 sentence. Because he was given credit for the time he spent in prison on the bank robbery (and because he committed an administrative infraction that delayed his release by another 2 months), he was released on parole on **both** sentences simultaneously, on December 30, 1991. From that point on, the two sentences were consolidated and the remaining terms of supervision ran concurrently.

Government's response brief at p. 7.

Moreover, even if Petitioner believed that the Commission was wrong in its interpretation of the Rule 11 agreement, he never appealed its decision. Petitioner knew as of December 15, 1986, over eighteen years ago, that the remainder of his 1977 term and his 1986 term would run concurrent after he was paroled again. He was notified of his right to appeal. Finally, any challenges regarding his sentencing computation are matters for the Bureau of Prisons, not the Court. See United States v. Wilson, 503 U.S. 329, 335 (1992).

Overall, Petitioner's claim that the Commission violated his constitutional rights and the Rule 11 agreement lacks merit.

### 2. Probable Cause Determination

Petitioner challenges the probation officer's recommendation of probable cause and seeks Court review of the probation officer's decision. This claim also lacks merit. As the government explains, the probation officer's recommendation is not subject to judicial review because it is not a final agency action. See 5 U.S.C. §§ 702, 704.

       3.  Timing of Revocation Hearing

Petitioner's last claim is that the Commission erred by not conducting or releasing Petitioner within the 45 days of the initial interview/hearing as promised.  This claim also fails.  Even if the probation officer promised Petitioner a revocation hearing within 45 days, such a promise is not legally binding on the Commission.  Indeed, the Commission is legally required to conduct a hearing 60 days from the probable cause finding.  See 18 U.S.C.  4214(a)(1)(B).  Petitioner received a revocation hearing within 60 days of the probation officer's finding of probable cause.  Even if the revocation hearing was improperly delayed, that is not a ground for release.  See Northington v. U.S. Parole Comm'n, 587 F.2d 2, 3 (6th Cir. 1978).

    SO ORDERED.


Dated:  May 31, 2005
                    s/Avern Cohn
                    AVERN COHN
                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, May 31, 2005, by electronic and/or ordinary mail.

                    s/Julie Owens
                Case Manager, (313) 234-5160